UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                                      Case No. 13-20466
                                      HON. TERRENCE G. BERG

DAVID WRIGHT,

    Defendant.
_____/

**OPINION AND ORDER DENYING**
**DEFENDANT'S MOTION FOR TRANSCRIPTS (DKT. 20)**

Defendant David Wright pleaded guilty in this Court to being a felon in possession of a firearm and was sentenced in December, 2013. *See* Judgment (Dkt. 19). On June 26, 2014, Defendant filed a motion (Dkt. 20) requesting that the Court furnish him with "a copy of all transcripts and the court's file with respect to the above-styled cause." Defendant further states that he is indigent and "proceeding in forma pauperis with [his] post-conviction pleadings."

Based on these statements, the Court assumes that Defendant is requesting the Court to provide the transcripts at no cost. Defendant cites no authority in his request for the transcripts, and it is unclear under what authority he believes he is entitled to them free of charge. It is also unclear what Defendant is seeking by way of his request for "the court's file."

An indigent defendant has a statutory right to free court documents, including transcripts, in particular circumstances. *See* 28 U.S.C. § 753(f); see also 28 U.S.C. § 2250. Pursuant to 28 U.S.C. § 753(f),

> Fees for transcripts furnished in criminal proceedings to persons proceeding under the Criminal Justice Act (18 U.S.C. 3006A), or in habeas corpus proceedings to persons allowed to sue, defend, or appeal in forma pauperis, shall be paid by the United States out of moneys appropriated for those purposes. Fees for transcripts furnished in proceedings brought under section 2255 of this title to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal.

Similarly, 28 U.S.C. § 2250 provides, as follows:

> If on any application for a writ of habeas corpus an order has been made permitting the petitioner to prosecute the application in forma pauperis, the clerk of any court of the United States shall furnish to the petitioner without cost certified copies of such documents or parts of the record on file in his office as may be required by order of the judge before whom the application is pending.

Here, Defendant has not shown that he fits within one or more of the categories identified in section 753(f) or section 2250, or that he meets the standards required to satisfy these statutes' requirements. *Cf. United States v. Fleming*, 178 F.3d 1297 (Table), at *1 (6th Cir. 1999) ("Although a defendant does not have a constitutional right to a free transcript in a § 2255 proceeding, he is entitled to have the government pay for a transcript if he demonstrates that his claim is not frivolous and that the transcript is needed to decide the issue presented in his case."). Moreover, to invoke either provision, Defendant must have a motion for substantive relief pending; no such motion exists here. *See United States v.*

*Wheeler*, No. 06-21, 2012 WL 169987, at *1 (E.D. Ky. Jan. 19, 2012) (collecting cases, and concluding that "[t]o invoke either § 2250 or § 753(f), [Defendant] must have a motion for relief *pending*" (emphasis in original)).

Accordingly, Defendant's motion is denied without prejudice to the extent he seeks free copies of transcripts or other documents. If Defendant is interested in receiving specific transcripts or documents at his own expense, he may re-request them in writing pursuant to Eastern District of Michigan Local Rule 80.1.[1]

**SO ORDERED**.

Dated: July 8, 2014

s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

**Certificate of Service**

I hereby certify that this Order was electronically submitted on July 8, 2014, using the CM/ECF system; a copy of this Order was also addressed to Defendant's attention and mailed to Reg. No. 48606-039, USP Terre Haute, P.O. Box 33, Terre Haute, IN 47808.

s/A. Chubb
Case Manager

---

[1] This order should not be interpreted as providing any decision or opinion on the merits or procedural permissibility of any substantive motion Defendant may be intending to file. Nevertheless, the Court would remind Defendant of the appeal waiver contained in paragraph six of his plea agreement (Dkt. 16), which states in part, "If the sentence imposed does not exceed the maximum allowed by Part 3 of this agreement, defendant waives the right to appeal his conviction or sentence on any grounds," and "defendant knowingly and voluntarily waives [the right to attack his conviction and sentence by filing post-conviction motions, petitions, or independent civil actions] and agrees not to contest his conviction or sentence in any post-conviction proceeding, including–but not limited to–any proceeding under 28 U.S.C. § 2255."